UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRANDI ELIZABETH RIDGE,**

     Plaintiff,

**v.**　　　　　　　　　　　　　　　　　　　**Case No: 5:25-cv-653-CEM-PRL**

**BIG DAN'S CAR WASH, LLC,**

     Defendant.

_____

**ORDER**

This employment discrimination lawsuit arises out of Plaintiff Brandi Elizabeth Ridge's former employment with Defendant Big Dan's Car Wash, LLC. On September 16, 2025, Plaintiff filed her complaint in state court and Defendant removed it to this Court on October 17, 2025. While Plaintiff initially participated in the Rule 26(f) conference and later served her Rule 26(a)(1) initial disclosures (Doc. 20-2), she has failed to respond to Defendant's first set of interrogatories and first request for production of documents. Accordingly, Defendant filed the instant motion to compel. (Doc. 20). Plaintiff filed a response. (Doc. 22).

**I.      Background**

Defendant served its first set of interrogatories and first request for production on November 18, 2025. (Doc. 20-1). Plaintiff's responses were originally due on December 18, 2025. On December 16, 2025, Plaintiff's counsel requested—and Defendant granted—a 30-day extension of time, through January 16, 2026, for

Plaintiff to serve her discovery responses. (Doc. 20-3). On January 15, 2026, Plaintiff's counsel requested another 30-day extension and advised that additional time was needed due to Plaintiff's incarceration. Defendant granted the request through February 17, 2026, but explained that it would be the final extension. (Doc. 20-3). On February 18, 2026—after Plaintiff failed to provide discovery responses-- defense counsel advised Plaintiff's counsel that Plaintiff's objections were waived, and that Defendant intended to file the instant motion to compel if discovery responses were not promptly served. (Doc. 20-4).   To date, Plaintiff has not served discovery responses.

## II.    Discussion

As an initial matter, the parties appear to disagree as to the timing of Plaintiff's incarceration. Defendant contends that Plaintiff has been in police custody and/or incarcerated since June 13, 2025.[1]  Defendant argues that this is significant because Plaintiff's custody/incarceration status did not hinder her counsel from commencing this action on September 16, 2025, nor from serving Plaintiff's initial disclosures on November 25, 2025. Defendant also points out that Plaintiff's counsel did not mention any issues related to Plaintiff's incarceration during the case management conference, and instead waited until sixty days after the discovery requests had been

---

[1] In support of this claim, Defendant cites to "Exhibit E, *State of Florida v. Brandi Elizabeth Ridge*, Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida, Case No. 2025-CF-000606." (Doc. 20 at 4, ¶11). However, Defendant failed to attach Exhibit E to the motion, so it is unclear what this exhibit might show.

served to even raise the issue.

In response, Plaintiff's counsel, claims that Plaintiff's incarceration "began after this lawsuit was filed and after Plaintiff's counsel timely served Rule 26(a)(1) Initial Disclosures on November 25, 2025." (Doc. 22 at 3). Counsel explains that this "distinguishes the present situation from a case where a party knowingly files suit while unable to participate. The incarceration was an intervening circumstance that arose during the pendency of discovery."   Then, several pages later, in efforts to emphasize his diligence in trying to discuss discovery with Plaintiff, Plaintiff's counsel listed his "numerous attempts to reach the Plaintiff at the correctional facility," including: June 16, 2025, August 20, 2025, September 22, 2025, October 20, 2025, and November 17, 2025.[2]  These dates all precede Plaintiff's November 25, 2025 service of initial disclosures, and two of them precede Plaintiff's initiation of this lawsuit on September 16, 2025. Thus, this representation by Plaintiff's counsel is directly at odds with his earlier assertion that Plaintiff was not incarcerated until after filing this action and serving her initial disclosures. (Doc. 22 at 4). **Within ten days of this Order, Plaintiff's counsel, Jason W. Imler, Esq., shall explain these inconsistencies in his memorandum and shall show cause why the apparent inconsistent representations were made to the Court.**

With that said, there is no dispute that to date Plaintiff has failed to respond to Defendant's first set of interrogatories and first request for production. As discussed

---

[2] The list also included February 9, 2026, February 10, 2026, and February 12, 2026.

above, Defendant's discovery requests were served on November 18, 2025, and following two thirty-day extensions, Plaintiff's responses were due by February 17, 2026.

Plaintiff's counsel contends that Plaintiff's failure to comply with her discovery obligations should be excused due to the "unique hardships of communicating with an incarcerated client." While the Court is aware that there are some inherent challenges in communicating with an incarcerated client, Plaintiff's counsel has failed to show that he exercised due diligence. Indeed, according to Plaintiff's counsel, he only attempted to communicate with Plaintiff at the correctional facility three times after Defendant served the November 18, 2025, discovery requests—on February 9, 2026, February 10, 2026, and February 12, 2026. That means that Plaintiff's counsel did not attempt to contact Plaintiff about the discovery requests until after he had already obtained two 30-day extensions of time, and merely days before the February 17, 2026, deadline. Based on this, it appears that Plaintiff's counsel has not diligently worked to communicate with Plaintiff about the outstanding discovery requests.

Because Plaintiff has failed to respond to Defendant's first set of interrogatories and first request for production of documents, Defendant's motion to compel (Doc. 20) is due to be **granted**. Given Plaintiff's incarceration and because the discovery period does not end until January 29, 2027, the Court will afford Plaintiff **twenty-one days** from the date of this Order to serve complete answers to Defendant's first set of interrogatories and to produce all documents responsive to Defendant's first request

for production of documents. Because it appears that Plaintiff's counsel has failed to diligently communicate with his client about her discovery obligations, the Court declines to find that Plaintiff has waived her objections. **However, Plaintiff is cautioned that if she fails to fully respond to Defendant's discovery requests within twenty-one days of this Order, then her objections will be waived.**

With regard to Defendant's request for attorney's fees, the Court finds that, an award is mandated by Rule 37(a)(5)(A).[3]   Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here. Indeed, before filing this motion, counsel for Defendant corresponded with Plaintiff's counsel several times in efforts to obtain the discovery from Plaintiff and even granted Plaintiff two extensions of time. Moreover, as discussed above, Plaintiff's counsel has failed to show that he used due diligence in communicating with

---

[3] See Fed. R. Civ. P. 37(a)(5)(A)(if the motion [to compel discovery] is granted –or if the disclosure or requested discovery is provided after the motion was filed—the court *must* . .. require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.) (emphasis added).

Plaintiff about the outstanding discovery requests. For these reasons, Defendant is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Plaintiff and her counsel are hereby ordered to pay to Defendant the reasonable expenses and attorney's fees incurred by Defendant in preparing and filing the instant motion. Defendant shall submit within **ten days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion. To the extent that Plaintiff and her counsel object to the amount of expenses and fees claimed by Defendant, Plaintiff and her counsel shall file a response within **ten days** of service of Defendant's affidavit. Upon receipt of Defendant's affidavit and any objections by Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

DONE and ORDERED in Ocala, Florida on March 31, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record